John A. STUART et al., Plaintiffs in Error,

v.

Donald J. STUART et al., Defendants in Error.

No. 42312.

Supreme Court of Oklahoma.

March 24, 1970.

Selby, Neptune & Connor, James W. Connor, Bartlesville, for plaintiffs in error.

Files, Mahan & Wilson, Frank W. Files, Pawhuska, for defendants in error.

JACKSON, Justice:

The question for decision in this appeal is whether the trial court erred in appointing Donald J. Stuart, of Pawhuska, Kathleen Stuart Martinovich, of Bartlesville, and Donald Robert Stuart, of Waurika, all in Oklahoma, as successor-trustees of the Charles F. Stuart Trust Estate, and in declining to appoint Dr. John A. Stuart, Jr., of Dallas, Texas. Donald J. and Dr. John A. Stuart, Jr., are brothers.

The trust estate consists of real estate in eight counties in Oklahoma; a farm in Wyoming; and controlling interests in two banks and substantial interests in two others, all in Oklahoma. Approximately 90% of the ranch and farm lands (30,000 acres) are located in Osage County.

The beneficiaries of the trust are fifteen nieces and nephews of the trustor and two religious institutions. Eight of the beneficiaries were supporting Dr. Stuart for the appointment and nine were supporting Donald J. Stuart.

The record shows that Donald J. Stuart has been president of the First National Bank of Pawhuska, in Osage County, since 1949 or 1950. The trust owns the controlling interest in this bank. During this period of time Donald J. Stuart assisted the former trustee in the management of the trust properties in Osage County, having helped set up the original set of books in which the trust records are kept. In recent years the actual management of the trust properties was conducted by Donald J. Stuart as agent of the former trustee. He is familiar with all of the properties. No question has been raised as to his integrity and competency, and no criticism is made of the manner in which he has managed the properties. It appears he had prepared the annual reports which were filed with the district court. His brothers and sisters, principal opponents of his appointment, found fault with him because he did not confer with them in the operation and management of the estate, and did not volunteer information concerning his management of the estate other than sending them copies of the annual reports filed with the court. It does appear that the books and records were available at all times for their inspection at the bank in Pawhuska. The testimony of his brothers and sisters, as well as his own, indicates that he is sensitive to criticism and was impatient when inquiries concerning the status and management of estate were made at social functions where the records were not available. It does not appear that he is antagonistic toward any of the beneficiaries or their interests in the trust properties.

The evidence discloses that Dr. John A. Stuart, Jr., has been professionally successful in his practice as a specialist in obstetrics and gynecology in Dallas, Texas. It further appears that he has been prudent and successful in his investments. While he owns an interest in a 260 acre farm or ranch in Osage County it does not appear that he has had any particular experience in the leasing and management of farm and ranch lands. The evidence portrays him as a very patient man. He proposed to manage the estate from his office in Dallas, utilizing agents in the various localities to handle the minor details. He did not anticipate that a great amount of his time would be required in Oklahoma. He would confer with the beneficiaries and obtain their permission before making any major decisions.

The appellants, Dr. John A. Stuart, Jr., et al., argue in their briefs that Donald J. Stuart is precluded from serving as co-trustee because of alleged conflicts of interest. They point out that he is the salaried president of the Pawhuska bank in

which the trust holds four hundred and twenty of the five hundred authorized shares of stock, and that as trustee he will be able to control the election of directors and officers of the bank, as well as his own salary as bank president. We do not find his relationship to the bank disqualifying as a matter of law. His salary as bank president is determined by the board of directors of the bank. If the time should arrive when his salary becomes too high it will be a matter of concern to the trust estate which owns controlling interest in the bank. While the board of directors of the bank is not under the control of the court, the conduct of the trustee-bank president will be a matter of concern to the district court. Since the trust owns such a large percentage of the bank stock it is apparent that the operation of the bank is substantially an operation for the benefit of the trust. In Re Hartt's Estate (1956), 75 Wyo. 305, 295 P.2d 985, 1014, it is said:

"We are not satisfied with the broad statement in the foregoing case (Mangels v. Safe Deposit & Trust Co., 167 Md. 290, 173 A. 191) that a trustee should never become a salaried officer in a corporation in which the trust has stock, especially when the corporation is controlled by the stock held in trust."

See also In Re Brown's Estate, 22 Cal. App.2d 480, 71 P.2d 345, to the same result.

In argument it is said that the trust has options to repurchase all but ten shares of the bank stock not now owned by the trust, and that the trust could not acquire that stock as long as Donald J. Stuart is trustee. 60 O.S.1961, Sec. 175.13, provides:

"* * * No noncorporate trustee shall purchase for a trust the stock, bonds, or other securities of a corporation with which he is connected as director, owner, manager, or in executive capacity."

The argument overlooks the provisions of Secs. 175.22 and 175.23, subd. E of Title 60, which authorizes the beneficiaries and the court to relieve the trustee from the restrictions of the Act (Sec. 175.1 et seq.).

■ Appellants argue that Donald J. Stuart is trustee of another trust called the "Stuart Investment Trust", and that this trust and the Charles F. Stuart Trust Estate will be in competition in the purchase of real estate in Osage County. If we correctly understand the record the Charles F. Stuart Trust Estate is a beneficiary of approximately 40% of the Stuart Investment Trust. The Stuart Investment Trust owns approximately 13,000 acres of land in Osage County. The evidence shows that some of this land borders on, and in some instances is intermingled with, lands owned by the Charles F. Stuart Trust Estate. Donald J. Stuart testified that it had been the practice for many years in buying land to favor the trust which would be most benefitted. That is, it had been the practice to buy land for the Charles F. Stuart Trust where it was contiguous to or surrounded by Charles F. Stuart Trust land and to buy land for the Stuart Investment Trust where it was contiguous to or surrounded by Stuart Investment Trust land. He testified he would continue that policy if appointed trustee of the Charles F. Stuart Trust.

The trial court may have concluded that the two estates would be better served by a single management so that one estate would not be in antagonistic competition with the other in purchasing land in that area. The record does not disclose that any complaint has ever been made in this connection. We have found nothing in the record disclosing that Donald J. Stuart has any financial interest in the Stuart Investment Trust other than as a beneficiary in the Charles F. Stuart Trust Estate. Under these circumstances we find no reason to conclude that Donald F. Stuart would favor the Stuart Investment Trust. The trial court heard the testimony, was familiar with the records in both trusts, and we are unable to conclude that he erred in appointing Donald J. Stuart as trustee of the Charles F. Stuart Trust on this ground.

■ Appellants contend that the trial court erred in appointing Kathleen Stuart Martinovich and Donald Robert Stuart as

co-trustees for the reason that no evidence as to their qualifications or fitness to serve was received. This contention was raised in appellants' motion for new trial. An evidentiary hearing was held approximately thirty-five days subsequent to the filing of the motion for new trial but it does not appear that appellants ever requested permission to present evidence concerning the qualifications of Kathleen Stuart Martinovich and Donald Robert Stuart to serve as co-trustees. They assert no disqualifications to serve.

Appellants invite attention to 90 C.J.S. Trusts § 217d, wherein it is said that in the absence of a statute the question of whether a trustee should or should not be appointed is addressed to the sound discretion of the court, "although its power of appointment must not be exercised arbitrarily."

The trial judge explained his reasons for appointing Mrs. Martinovich and Donald Robert Stuart as co-trustees. He had known them personally for a great number of years and had confidence in their ability and integrity. He also stated in effect that he wanted to balance the management so that the Stuart families would each have representation in the operation of the Charles F. Stuart Trust. Under the record before us we are unable to determine that the trial court erred in appointing Mrs. Martinovich and Donald Robert Stuart as co-trustees.

The final contention is that the court evidenced bias and prejudice in conducting the hearing and deciding the case. In this connection the record shows that after the evidence was presented briefs were filed and the trial judge dictated his "Findings and Order" during the morning prior to hearing oral argument in the afternoon. In defending this procedure the trial judge found that no new points were presented in oral argument that were not presented in the briefs, except that in oral argument appellants suggested that two or three co-trustees should be appointed. We have carefully considered the other arguments in connection with this proposition and are unable to say that the appointments should be set aside on the ground of bias and prejudice of the trial judge.

Considering the whole record in this case we are unable to conclude that the action of the court is against the weight of the evidence or that the trial court abused its discretion.

The judgment of the trial court is affirmed.

IRWIN, C. J. and DAVISON, WILLIAMS, HODGES, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., and BLACKBIRD, J., dissent.